IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

-----------------------------------------------------------------X
1) CHELSEA KILBURN, Individually and On
Behalf of All Others Similarly Situated,

        Plaintiff,    **COLLECTIVE ACTION**
              **COMPLAINT**
 -against-
              CASE NO. CIV-18-757-D

2) CONCENTRA, INC.,

        Defendant.
-----------------------------------------------------------------X

## INTRODUCTION

    Plaintiff Chelsea Kilburn ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendant Concentra, Inc. ("Defendant") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former Assistant Center Directors ("ACDs") who worked at any of Defendants' Concentra medical center locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

    1.  Plaintiff alleges on behalf of herself and other current and former ACDs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. § 216(b).

3.  Defendant is subject to personal jurisdiction in the Western District of Oklahoma.

4.  Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

5.  Defendant is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

### *Plaintiff Chelsea Kilburn*

6.  Plaintiff Kilburn was, at all relevant times, an adult individual residing in Edmond, Oklahoma.

7.  During all relevant times, Plaintiff was employed by Defendant as an ACD from on or about May 1, 2011 until on or about September 6, 2016, at a Concentra medical center located in Oklahoma City, Oklahoma.

8.  Plaintiff's written consent to join this action is attached hereto as Exhibit A.

### *Defendant*

9.  Defendant is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Addison, Texas.

10. Defendant provides medical care and services to employees of participating employers.

11. Defendant currently employs ACDs in hundreds of locations in 38 states across the country.

12.     Defendant employed Plaintiff and employs and has employed other similarly situated current and former ACDs at its Concentra locations nationwide.

13.     At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

14.     At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

15.     At all times relevant, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

16.     Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

17.     At all times relevant, Plaintiff and all similarly situated ACDs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Defendant directed the work of Plaintiff and similarly situated employees, and benefited from work performed that it suffered or permitted from them.

19.     Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

20.     Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendant at its clinic locations as ACDs and other similarly situated current and former employees holding comparable positions but different titles, at any time from three years prior to the date of filing this Compliant through the date of entry of judgment in this case (the "Putative FLSA Collective").

22. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative FLSA Collective.

23. There are numerous similarly situated current and former ACDs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

24. Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

25. Plaintiff and the members of the Putative FLSA Collective, all of whom regularly worked more than 40 hours in a workweek, were employed as ACDs by Defendant at their clinic locations.

26. Defendant failed to pay Plaintiff and the members of the Putative FLSA Collective overtime compensation for the hours they worked over 40 in a workweek.

27. Defendant failed to keep accurate records of all hours worked by Plaintiff and the members of the Putative FLSA Collective.

28. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit the Plaintiff and the members of the Putative FLSA Collective to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

29. Defendant assigned the work that the Plaintiff and the members of the Putative FLSA Collective have performed or Defendant was aware of the work they performed.

30. The work performed by the Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

31. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative FLSA Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters. This policy, pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time the Plaintiff and the members of the Putative FLSA Collective have worked for the benefit of Defendant;

   b. willfully failing to keep accurate time records as required by the FLSA;

   c. willfully failing to credit the Plaintiff and the members of the Putative FLSA Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

   d. willfully failing to pay the Plaintiff and the members of the Putative FLSA Collective wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

32. Defendant is aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the members of the Putative FLSA Collective an overtime premium for hours worked in excess of 40 hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

33. Consistent with Defendant's policy, pattern or practice, Plaintiff and the members of the Putative FLSA Collective regularly worked in excess of 40 hours per workweek without being paid overtime wages.

34. All members of the FLSA Collective performed the same primary job duties.

35. The primary duties that Plaintiff and the other ACDs regularly performed include, but are not limited to:

    a. customer service;

    b. answering phones;

    c. checking patients in and out of the clinic;

    d. confirming appointments; and

    e. clerical and data entry duties.

36. Plaintiff's and the other ACDs' primary job duties did not include:

    a. hiring;

    b. firing;

    c. setting rates of pay;

    d. promoting employees; or

    e. disciplining other employees.

37. Plaintiff's and the other ACDs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

38. Plaintiff and the other ACDs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

39. Plaintiff's and the other ACDs' primary duties were customer service and clerical. Customer service and clerical duties occupied the majority of the Plaintiff's and the other ACDs' working hours.

40. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all ACDs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

41. Defendant did not perform a person-by-person analysis of every ACD's job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

42. Upon information and belief, Defendant's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

43. Defendant's failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of 40 hours per workweek was willful.

44. Defendant's unlawful conduct has been widespread, repeated and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and the Members of the Putative FLSA Collective**
**Against Defendant**

45. Plaintiff and the members of the Putative FLSA Collective, reallege and incorporate by reference paragraphs 1-44 as if they were set forth again herein.

46. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

47. Plaintiff and the members of the Putative FLSA Collective have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

48. At all relevant times, Plaintiff and the members of the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendant.

50. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, Plaintiff and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

52. Defendant has failed to pay Plaintiff and other similarly situated members of the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

53. Defendant's violations of the FLSA, as described in the Complaint, have been intentional and willful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and other similarly situated members of the Putative FLSA Collective.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of the Defendant's violations of the FLSA, Plaintiff and all other similarly situated members of the Putative FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

56. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated members of the Putative FLSA Collective have been deprived of overtime compensation and

other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative FLSA Collective, prays for the following relief:

A. Certification of the collective consisting of Plaintiff and all similarly situated ACDs;

B. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. Pre-judgment interest;

D. Attorneys' fees and costs of the action, including expert fees; and

E. Such other relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P.38(b), Plaintiff demands jury trial on all claims herein.

Dated:  August 8, 2018

Respectfully submitted,

*/s/ Mark A. Waller*
Mark A. Waller
mwaller@wjwattorneys.com
J. David Jorgenson
djorgenson@wjwattorneys.com
WALLER JORGENSON
WARZYNSKI, PLLC
401 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
Telephone:  918.629.3350

- and -

Gregg I. Shavitz
E-mail: gshavitz@shavitzlaw.com
Alan L. Quiles
E-Mail: aquiles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

***Attorneys for Plaintiff and the
Putative FLSA Collective***